Anna W. Drake, No. A0909
ANNA W. DRAKE, P.C.
175 South Main Street, Suite 300
Salt Lake City, UT  84111
Telephone: (801) 328-9792
Facsimile:  (801) 413-1620
Email:  annadrake@att.net
   Attorney for Debtor

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

---

| | |
|---|---|
| In re:<br><br>WOLF MOUNTAIN PRODUCTS,<br>L.L.C., a Utah limited liability company,<br><br>      Debtor. | Bankruptcy No. 13-33869<br><br>(Chapter 11)<br><br>Honorable Joel T. Marker |

---

## MOTION FOR AUTHORITY TO USE CASH COLLATERAL AND
## FOR ORDER FIXING MANNER OF GIVING NOTICE OF
## PRELIMINARY HEARING AND FINAL HEARING

Wolf Mountain Products, L.L.C., the above-named Debtor and Debtor-in-Possession

(**"Debtor"**), by and through its counsel of record, moves this Court for an order authorizing the

Debtor's use of cash collateral pursuant to the provisions of 11 U.S.C. § 363(c), and in support

thereof, respectfully represents as follows:

### BACKGROUND FACTS

1.      The Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United

States Bankruptcy Code on December 12, 2013 (the **"Petition Date"**) in the United States

Bankruptcy Court for the District of Utah.

Cash Collateral Motion 2.wpd

2.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (K) and (M). Venue of this case and the matter in this district is proper under 28 U.S.C. §§ 1408 and 1409.

3.     Since the Petition Date, the Debtor has continued to operate its business as debtor-in-possession pursuant to Sections 1107 and 1108 of the United States Bankruptcy Code.

4.     The Debtor's business consists of harvesting buried wood and bark finds (**"Raw Materials Inventory"**) from property it owns in Panguitch, Utah (**"Panguitch Property"**) and from leased property in Fredonia, Arizona (**"Fredonia Property"**), producing various mulch products (**"Products"**), and selling those Products to suppliers and individuals (the **"Business"**). The Business has been operating since 2005.

5.     The Debtor's administrative operations are conducted in buildings situated on real property owned by the Debtor in Lindon, Utah (**"Lindon Property"**), while most of the Products are sold from the Panguitch Property to large baggers such as Scott's Chino and Kellogg's Ontario.

6.     In its business operations, the Debtor uses the Raw Material Inventory to manufacture its Products and generates accounts receivable from the sale of those Products.  The Debtor values the Raw Materials Inventory at no less than $36,900,000.

## THE TKI LOAN

7.     Tessenderlo Kerley International (**"TKI"**) and the Debtor entered into a *Revolving Line of Credit Agreement* dated as of October 27, 2010, whereby the Debtor obtained a $1,000,000.00 revolving line of credit to drawn upon from time to time for working capital and

other business purposes (**"TKI Line of Credit"**).  In connection with the TKI Line of Credit, the

Debtor executed a *Revolving Line of Credit Promissory Note* (**"TKI Note"**).

8.      The TKI Note is secured by the following assets:

(A)     *Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing* against the Lindon Property.

(B)     *Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing* against the Panguitch Property.

(C)     *Security Agreement* dated October 27, 2010, granting a lien against the following assets:

(i)      All equipment as defined in the Uniform Commercial Code, including, but not limited to, all of the Debtor's machinery, equipment, furniture, fixtures, tools, accessories, computers attached thereto or forming a part or component thereof, together with all computer software embedded in any such computers, parts and special tools now or hereafter affixed to or used upon the Lindon Property and the Panguitch Property or used in connection therewith, with all additions and attachments thereto (hereinafter collectively **"Equipment"**);

(ii)      All goods, all inventory, together with all fixtures, crops grown, growing or to be grown, farm products as defined in the Code, standing timber, manufactured homes, computers, computer software embedded in computers or other goods, inventory or equipment (hereinafter collectively **"Inventory"**);

(iii)      All accounts as defined in the Code, together with all deposit accounts, accounts evidenced by an instrument, chattel paper, electronic chattel paper, general intangibles, rights to payment evidenced by chattel paper, payment intangibles, letters of credit, letter of credit rights, rights to the payment of money arising out of letters of credit, promissory notes that have been or are to be sold, credit card receivables, rights to the payment of money arising out of credit card receivables, other personal property of the Debtor and all proceeds and products thereof and all additions and attachments thereto (hereinafter collectively **"Accounts"**);

(iv)      All investment property as defined in the Code, all instruments as defined in the Code, all payment intangibles as defined in the Code, all commercial tort claims as defined in the Code, all documents as defined in the

Code, all certificated and non-certificated securities, all software as defined in the Code, and all health care insurance receivables, as defined in the Code (hereinafter collectively **"Instruments"**);

(v)     All money, cash, cash proceeds and non-cash proceeds of any of the foregoing received upon the sale, exchange, collection or other disposition of same including without limitation all insurance payable by reason of loss or damage to any of the foregoing (hereinafter collectively **"Accounts"**); and

(vi)     The proceeds and products of all of the foregoing and all additions, accessions and attachments thereto (**"Proceeds"**).

The property described in the foregoing paragraphs is collectively called the **"TKI Collateral"**) and the liens are hereinafter designated as the **"TKI Liens"**.

9.     TKI is owed $1,000,000.00 pursuant to the terms of the TKI Note.

10.     TKI's interest in the TKI Collateral includes, among other things, a valid and properly-perfected first priority security interest or other lien on all cash proceeds which have been or will be generated from the use of the Raw Materials Inventory in the manufacture and sale of Products by the Debtor, which cash constitutes "cash collateral" as that term is used in 11 U.S.C. § 363 (the **"Cash Collateral"**).

## TAX AND JUDGMENT LIENS

11.     In addition to the TKI Liens, the following creditors of the Debtor *may* have obtained tax liens or judgment liens which *may* have been recorded against certain assets of the Debtor[1]:

---

[1]The Debtor has not yet made a determination whether any of the judgment or tax liens constitute a preferential transfer within the meaning of 11 U.S.C. § 547, and the Debtor therefore reserves the right to challenge any security interests that may have been created within the 90 days prior to the Petition Date and also challenge any liens against the Post-Petition Cash Collateral which may be created pursuant to this motion.

(A)    Utah County Treasurer: Tax Lien for 2011 - 2013 personal property taxes in the sum of $21,125.22;

(B)    Utah Department of Workforce Services: Judgment lien for $11,527.89;

(C)    Utah State Tax Commission: Tax Lien for unpaid sales and use taxes in the sum of $27,775.57;

(D)    Utah State Tax Commission: Tax Lien for unpaid withholding taxes in the sum of $14,704.94;

(E)    C.R. England, Inc., dba England Carrier Services: Judgment lien for $10,255.00; and

(F)    Gurney Trucking, Inc.: Judgment lien for $87,728.23.

To the extent that any of the foregoing creditors hold liens against the Debtor's assets, they may hold an interest in the Cash Collateral.  All of these interests post-date the TKI Lien and are therefore subordinate to the TKI Lien.

## USE OF CASH COLLATERAL

12.    The Debtor desires to use the Cash Collateral to fund the ongoing operations of the Debtor in the Chapter 11 case, including, without limitation, the costs, expenses and fees of the Debtor and its attorneys.

13.    The Debtor has prepared a budget for its anticipated operating expenses ("**Budget**"), a copy of which is attached as **Exhibit "A"** and incorporated herein by reference.[2]

---

[2]In order to cover the cash flow deficiencies reflected in the Budget, The Kimberly R Sparks Trust and the Julie S. Burns Trust made a capital contribution of $75,000.00 to the Debtor on December 31, 2013.  This amount will be used for working capital and is *not* reflected in the Budget.

14.     The Debtor requests authority to use the Cash Collateral on the following terms
and conditions:

(A)     The Debtor will use Cash Collateral for the period beginning on the
Petition Date and through and including June 30, 2014, pursuant to the Budget and for
normal and necessary operating expenses.

(B)     TKI shall be granted a first priority post-petition security interest and
replacement lien in and on all of the Debtor's post-petition accounts, rents, contract
rights, chattel paper, documents, cash, cash equivalents, depository accounts, general
intangibles, equipment, all causes of action (excluding any claims or causes of action
arising under Chapter 5 of the Bankruptcy Code or against TKI), whether arising in
contract, tort, or otherwise, and all proceeds, products, rents and profits of all the
foregoing (whether cash or non-cash) (collectively **"Post-Petition Cash Collateral"**),
which security interest and lien shall be valid and superior to all other interests or liens of
creditors of the estate of the Debtor, as partial adequate protection for any loss suffered by
TKI as a result of the Cash Collateral used by the Debtor or as allowed to be used by the
Debtor.  Such lien will be automatically perfected as a first priority lien without the need
to further document or file any financing statements to establish and perfect such
replacement liens and proceeds irrespective of where such funds are deposited.  No party
in interest in this case will be granted a lien senior to the liens granted absent the express
written permission of TKI or further order of this Court.

(C)     To the extent that the Utah County Treasurer, Utah Department of
Workforce Services, Utah State Tax Commission, C.R. England, Inc., and Gurney

Trucking, Inc. (**"Judgment Creditors"**) hold valid liens against any of the Cash Collateral, they shall be granted liens against the Post-Petition Cash Collateral in order of filing, with all such liens to be inferior to the TKI lien against the Post-Petition Cash Collateral.

(D)     The Debtor will provide TKI and the Judgment Creditors with such financial reports and information as those creditors shall reasonably request, including copies of the Monthly Operating Reports filed with the Court.

(E)     The Debtor will properly maintain and insure the property which constitutes the TKI Collateral and all other assets of the estate.

(F)     No other adequate protection shall be afforded to TKI or the Judgment Creditors based upon the value of the Raw Materials Inventory.

15.     The Debtor is unaware of any other parties holding or claiming a security interest in the Cash Collateral.


## REQUEST FOR PRELIMINARY AUTHORITY

16.     Debtor requires a preliminary hearing on this Motion pursuant to Fed. R. Bankr. P. 4001(b)(2) and preliminary authority to use Cash Collateral through January 31, 2014, and to grant a post-petition security interest to TKI and the Judgment Creditors as proposed herein.

17.     Fed. R. Bankr. P. 4001(b)(1) and (2) require 14 day's notice of the commencement of a final hearing on this Motion.  This rule also permits this Court to hold a preliminary hearing on this Motion if requested and if necessary to avoid imminent and irreparable harm.  Debtor hereby requests a preliminary hearing to be held on January 21, 2014 at

10:00 a.m.  It would be appropriate to grant preliminary authority based upon notice to all

creditors and parties in interest on or before January 8, 2014.  Such notice is appropriate under 11

U.S.C. § 102(1).

18.     A copy of the proposed order for preliminary relief is attached hereto as **Exhibit**

**"B"**.

## REQUEST FOR FINAL AUTHORITY

19.     Following the appropriate 14 days' notice for the final hearing on this Motion, the

Debtor also requests final authority to use Cash Collateral through June 30, 2014, and to grant a

post-petition security interest to TKI and the Judgment Creditors as proposed herein.

20.     Debtor further requests that absent objections to the relief requested herein, the

Court may enter a final order without hearing.

21.     A copy of the proposed order for final relief is attached hereto as **Exhibit "C"**.

WHEREFORE, Debtor requests the following:

A.      That it be granted preliminary authority to use Cash Collateral through January 30,

2014, for the uses described on Exhibit "A" attached hereto;

B.      That TKI and the Judgment Creditors be granted a lien on the Debtor's Post-

Petition Cash Collateral as set forth herein;

C.      That notice given to all creditors and parties in interest on or before January 9,

2014, of a preliminary hearing to be held on January 21, 2014, be deemed adequate notice under

the circumstances;

D.      That following appropriate 14 days' notice to all creditors and parties in interest

that the Debtor be granted final authority to use Cash Collateral for the uses described on

Exhibit "A" attached hereto through June 30, 2014, and that TKI and the Judgment Creditors be

granted a lien on the Debtor's post-petition Cash Collateral as outlined herein;

E.      That absent objections to the relief requested herein, the Court may enter a final

order without hearing; and

F.      That the Debtor have such other and further relief as is just.

DATED this 8th day of January, 2014.

*/s/ Anna W. Drake*
Anna W. Drake, No. 0909
ANNA W. DRAKE, P.C.
175 South Main Street, Suite 300
Salt Lake City, Utah  84111
 Attorney for Debtor

**EXHIBIT "A"**

# WOLF MOUNTAIN PRODUCTS, L.L.C.
## PROJECTIONS
### JANUARY 1, 2014 THROUGH JUNE 30, 2014

|  | Jan '14 | Feb '14 | Mar '14 | Apr '14 | May '14 | Jun '14 |
|---|---|---|---|---|---|---|
|  | Period 1 | Period 2 | Period 3 | Period 4 | Period 5 | Period 6 |
| **Revenues** | | | | | | |
| Sales-Lindon | $  59,280.00 | 84,630.00 | 145,600.00 | 200,200.00 | 237,120.00 | 245,350.00 |
| Sales-Panguitch | 12,160.00 | 17,360.00 | 22,400.00 | 30,800.00 | 36,480.00 | 37,900.00 |
| Sales-Professional grow mix | 38,912.00 | 55,552.00 | 71,680.00 | 77,000.00 | 72,960.00 | 91,200.00 |
| **Total Revenues** | **110,352.00** | **157,542.00** | **239,680.00** | **308,000.00** | **346,560.00** | **374,450.00** |
| | | | | | | |
| Cost of Sales | | | | | | |
| Cost of Goods Sold | | | | | | |
| COGS Delivery | | | | | | |
| COGS Delivery - Mancos | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| COGS TLS Whittier San Jacinto | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Inventory Adjustments | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | | | | | | |
| **Total Cost of Sales** | **78,067.00** | **111,451.00** | **143,808.00** | **184,800.00** | **207,936.00** | **224,670.00** |
| | | | | | | |
| Gross Profit | 32,285.00 | 46,091.00 | 95,872.00 | 123,200.00 | 138,624.00 | 149,780.00 |
| Other Income: Rental | 4,500.00 | 4,500.00 | 4,500.00 | | | |
| Gain/Sale of Assets | | | | | | |
| | | | | | | |
| **Operating income** | **36,785.00** | **50,591.00** | **100,372.00** | **123,200.00** | **138,624.00** | **149,780.00** |
| **Expenses** | | | | | | |
| accounting fees | 500 | 500 | 500 | 1000 | 1000 | 1000 |
| Auto Expense | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 |
| Auto-Fuel | 125.00 | 125.00 | 125.00 | 125.00 | 125.00 | 125.00 |
| Bad Debt Expense | 0.00 | 0.00 | | 0.00 | 0.00 | 0.00 |
| Bank & Credit Card Charges | 450.00 | 460.00 | 800.00 | 1,000.00 | 1,200.00 | 1,100.00 |
| Credit Card Processing Fees | 100.00 | 125.00 | 200.00 | 250.00 | 300.00 | 250.00 |
| Business License & Fees | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Contract Labor | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Legal fees | 0.00 | 0.00 | 0.00 | 5,000.00 | 5,000.00 | 5,000.00 |
| Meals & Entertainment | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Office Expense | 475.00 | 475.00 | 475.00 | 475.00 | 475.00 | 475.00 |
| Postage - mailings | 65.00 | 0.00 | 65.00 | 0.00 | .65.00 | 65.00 |
| Payroll Taxes-G&A | 416.00 | 416.00 | 416.00 | 416.00 | 416.00 | 416.00 |
| Property Taxes | 582.01 | 582.01 | 582.01 | 582.01 | 582.01 | 582.01 |
| Rent | 5,000.00 | 5,000.00 | 5,000.00 | 5,000.00 | 5,000.00 | 5,000.00 |
| Salaries & Wages-G&A | 6,910.00 | 6,910.00 | 6,910.00 | 6,910.00 | 6,910.00 | 6,910.00 |
| Telephone and Fax | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 |
| Travel | 300.00 | 400.00 | 400.00 | 500.00 | 500.00 | 500.00 |
| Lindon-Contract Labor | 0.00 | 0.00 | 1,760.00 | 3,520.00 | 3,520.00 | 3,520.00 |
| Lindon-Salary | 8,924.00 | 8,924.00 | 8,924.00 | 8,924.00 | 8,924.00 | 8,924.00 |
| Lindon-Equipment Rental | 0.00 | 0.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 |
| Lindon-Insurance | 2,886.05 | 2,886.05 | 2,886.05 | 2,886.05 | 2,886.05 | 3,891.17 |
| Lindon-Operating Expense | 4,000.00 | 4,000.00 | 6,500.00 | 6,500.00 | 6,500.00 | 6,500.00 |
| Lindon-Repairs | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 |
| Lindon-Maintenance | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 |
| Lindon-Utilities-Electric | 1,980.00 | 2,400.00 | 2,500.00 | 3,400.00 | 4,300.00 | 4,500.00 |
| Lindon-Utilities-Lindon City | 210.00 | 210.00 | 300.00 | 300.00 | 300.00 | 300.00 |
| Lindon-Utilities-Natural Gas | 1,150.00 | 1,000.00 | 800.00 | 300.00 | 180.00 | 23.00 |
| Lindon-Workers Comp Insurance | 360.28 | 360.28 | 360.28 | 360.28 | 360.28 | 360.28 |
| Lindon - Property Taxes | 1,458.00 | 1,458.00 | 1,458.00 | 1,458.00 | 1,458.00 | 1,458.00 |
| Lindon - Property Personal Tax | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Panguitch-Contract Labor | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Panguitch-Salary | 4,910.00 | 4,910.00 | 4,910.00 | 4,910.00 | 4,910.00 | 4,910.00 |
| Panguitch-Fuel | 1,200.00 | 1,200.00 | 3,500.00 | 6,200.00 | 6,200.00 | 6,200.00 |
| Panguitch-Insurance | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Panguitch-Operating Expense | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 |
| Panguitch-Repairs | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 |
| Panguitch-Maintenance | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Panguitch-Worker's Comp | 181.00 | 181.00 | 181.00 | 181.00 | 181.00 | 181.00 |
| Panguitch - Property Taxes | 189.00 | 189.00 | 189.00 | 189.00 | 189.00 | 189.00 |
| Panguitch - Property Personal | 140.00 | 140.00 | 140.00 | 140.00 | 140.00 | 140.00 |
| Trucking-Salary | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Trucking-Contact Labor | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Trucking-Operating Expense | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 |
| Trucking-PerDiem-Overnight | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 |
| Trucking-Repairs-Delivery | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 |
| Trucking-Repairs-Semis | 600.00 | 600.00 | 600.00 | 600.00 | 600.00 | 600.00 |
| Trucking-Maintenance-Semis | 800.00 | 800.00 | 800.00 | 800.00 | 800.00 | 800.00 |
| Trucking-Fuel-Semis | 4,375.00 | 5,200.00 | 9,500.00 | 10,000.00 | 11,000.00 | 12,500.00 |
| Trucking-Workers Comp | 180.13 | 180.13 | 180.13 | 180.13 | 180.13 | 180.13 |
| **Total Expenses** | **52,876.47** | **54,041.47** | **66,371.47** | **77,516.47** | **79,611.47** | **82,009.59** |
| | | | | | | |
| **Net Income** | **($   20,591.47)** | **(7,950.47)** | **29,500.53** | **45,683.53** | **59,012.53** | **67,770.41** |

**EXHIBIT "B"**

<u>*Order Prepared and Submitted by:*</u>

Anna W. Drake, No. A0909
ANNA W. DRAKE, P.C.
175 South Main Street, Suite 300
Salt Lake City, UT  84111
Telephone: (801) 328-9792
Facsimile:  (801) 413-1620
Email:  annadrake@att.net
   Attorney for Debtor

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re: | Bankruptcy No. 13-33869 |
| WOLF MOUNTAIN PRODUCTS, L.L.C., a Utah limited liability company, | (Chapter 11) |
| Debtor. | Honorable Joel T. Marker |

### ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL

On January 21, 2014, this Court considered the Debtor's *Motion for Authority to Use*

*Cash Collateral and for Order Fixing Manner of Giving Notice of Preliminary Hearing and*

*Final Hearing* (**"Motion"**).  Anna W. Drake appeared on behalf of the Debtor; and other

appearances were noted on the record.

The Court finds that jurisdiction and venue are proper.  The Court also finds that, under

the circumstances, the shortened notice that has been given to all parties on the official mailing

matrix is adequate and reasonable, and that no objections to the Motion have been filed.  The

Court considered the pleadings on file, the proffers of testimony and the arguments of counsel,

and made further findings and conclusions upon the record, which are incorporated herein by this

reference.

Based upon the foregoing, it is hereby

ORDERED as follows:

1.      Wolf Mountain Products, L.L.C., the above-named Debtor and Debtor-in-

Possession (**"Debtor"**), is authorized to use cash collateral pursuant to the provisions of

11 U.S.C. § 363(c) for the purposes outlined in the Motion and the budget attached thereto,

subject to the following provisions:

(A)      The Debtor is directed to deposit all funds that it receives from sales of the

Debtor's Product into the Debtor-in-Possession bank account established at JP Morgan

Chase (Account No. xxxxx8271) (**"DIP Account"**).

(B)      From the DIP Account, and for the period December 12, 2013, through

January 31, 2014, the Debtor is authorized to pay all costs and expenses outlined in the

budget attached hereto as **Exhibit "A".**

(C)      TKI shall be granted a first priority post-petition security interest and

replacement lien in and on all of the Debtor's post-petition accounts, rents, contract

rights, chattel paper, documents, cash, cash equivalents, depository accounts, general

intangibles, equipment, all causes of action (excluding any claims or causes of action

arising under Chapter 5 of the Bankruptcy Code or against TKI), whether arising in

2

contract, tort, or otherwise, and all proceeds, products, rents and profits of all the foregoing (whether cash or non-cash) (collectively **"Post-Petition Cash Collateral"**), which security interest and lien shall be valid and superior to all other interests or liens of creditors of the estate of the Debtor, as partial adequate protection for any loss suffered by TKI as a result of the Cash Collateral used by the Debtor or as allowed to be used by the Debtor.  Such lien will be automatically perfected as a first priority lien without the need to further document or file any financing statements to establish and perfect such replacement liens and proceeds irrespective of where such funds are deposited.  No party in interest in this case will be granted a lien senior to the liens granted absent the express written permission of TKI or further order of this Court.

(D)     To the extent that the Utah County Treasurer, Utah Department of Workforce Services, Utah State Tax Commission, C.R. England, Inc., and Gurney Trucking, Inc. (**"Judgment Creditors"**) hold valid liens against any of the Cash Collateral, they shall be granted liens against the Post-Petition Cash Collateral in order of filing, with all such liens to be inferior to the TKI lien against the Post-Petition Cash Collateral.

(E)     The Debtor will provide TKI and the Judgment Creditors with such financial reports and information as those creditors shall reasonably request, including copies of the Monthly Operating Reports filed with the Court.

(F)     The Debtor will properly maintain and insure the property which constitutes the TKI Collateral and all other assets of the estate.

3

(G)     No other adequate protection shall be afforded to TKI or the Judgment

Creditors based upon the value of the Raw Materials Inventory.

2.     The final hearing on this matter is scheduled for January 28, 2014, at 10:00 a.m.

3.     This order is effective from the bench and shall be effective through January 31,

2014.

-------------------------------------------------------ooo0ooo-------------------------------------------------------

## DESIGNATION OF PARTIES TO BE SERVED

Service of the foregoing **Order** shall be served to the parties and in the manner
designated below:

**By Electronic Service:** I certify that the parties of record in this case as identified below,
are registered CM/ECF users and will be served notice of entry of the foregoing Order through
the CM/ECF system:

| | |
|---|---|
| Laurie A. Cayton tr | laurie.cayton@usdoj.gov, James.Gee@usdoj.gov; Lindsey.Huston@usdoj.gov; Rinehart.Peshell@usdoj.gov; Suzanne.Verhaal@usdoj.gov |
| Anna W. Drake | annadrake@att.net |
| United States Trustee | USTPRegion19.SK.ECF@usdoj.gov |

**By U.S. Mail -** In addition to the parties of record receiving notice through the CM/ECF
system, the following parties should be served notice pursuant to Fed. F. Civ. P. 5(b):

All parties on the Court's official case matrix.

*/s/ Anna W. Drake*

**EXHIBIT "A"**

## WOLF MOUNTAIN PRODUCTS, L.L.C.
### PROJECTIONS
### JANUARY 1, 2014 THROUGH JUNE 30, 2014

| | Jan '14 | Feb '14 | Mar '14 | Apr '14 | May '14 | Jun '14 |
|---|---|---|---|---|---|---|
| | Period 1 | Period 2 | Period 3 | Period 4 | Period 5 | Period 6 |
| **Revenues** | | | | | | |
| Sales-Lindon | $ 59,280.00 | 84,630.00 | 145,600.00 | 200,200.00 | 237,120.00 | 245,350.00 |
| Sales-Panguitch | 12,160.00 | 17,360.00 | 22,400.00 | 30,800.00 | 36,480.00 | 37,900.00 |
| Sales-Professional grow mix | 38,912.00 | 55,552.00 | 71,680.00 | 77,000.00 | 72,960.00 | 91,200.00 |
| **Total Revenues** | 110,352.00 | 157,542.00 | 239,680.00 | 308,000.00 | 346,560.00 | 374,450.00 |
| | | | | | | |
| **Cost of Sales** | | | | | | |
| Cost of Goods Sold | | | | | | |
| COGS Delivery | | | | | | |
| COGS Delivery - Mancos | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| COGS TLS Whittier San Jacinto | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Inventory Adjustments | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | | | | | | |
| **Total Cost of Sales** | 78,067.00 | 111,451.00 | 143,808.00 | 184,800.00 | 207,936.00 | 224,670.00 |
| | | | | | | |
| Gross Profit | 32,285.00 | 46,091.00 | 95,872.00 | 123,200.00 | 138,624.00 | 149,780.00 |
| Other Income: Rental | 4,500.00 | 4,500.00 | 4,500.00 | | | |
| Gain/Sale of Assets | | | | | | |
| | | | | | | |
| **Operating income** | 36,785.00 | 50,591.00 | 100,372.00 | 123,200.00 | 138,624.00 | 149,780.00 |
| **Expenses** | | | | | | |
| accounting fees | 500 | 500 | 500 | 1000 | 1000 | 1000 |
| Auto Expense | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 |
| Auto-Fuel | 125.00 | 125.00 | 125.00 | 125.00 | 125.00 | 125.00 |
| Bad Debt Expense | 0.00 | 0.00 | | 0.00 | 0.00 | 0.00 |
| Bank & Credit Card Charges | 450.00 | 460.00 | 800.00 | 1,000.00 | 1,200.00 | 1,100.00 |
| Credit Card Processing Fees | 100.00 | 125.00 | 200.00 | 250.00 | 300.00 | 250.00 |
| Business License & Fees | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Contract Labor | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Legal fees | 0.00 | 0.00 | 0.00 | 5,000.00 | 5,000.00 | 5,000.00 |
| Meals & Entertainment | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Office Expense | 475.00 | 475.00 | 475.00 | 475.00 | 475.00 | 475.00 |
| Postage - mailings | 65.00 | 0.00 | 65.00 | 0.00 | .65.00 | 65.00 |
| Payroll Taxes-G&A | 416.00 | 416.00 | 416.00 | 416.00 | 416.00 | 416.00 |
| Property Taxes | 582.01 | 582.01 | 582.01 | 582.01 | 582.01 | 582.01 |
| Rent | 5,000.00 | 5,000.00 | 5,000.00 | 5,000.00 | 5,000.00 | 5,000.00 |
| Salaries & Wages-G&A | 6,910.00 | 6,910.00 | 6,910.00 | 6,910.00 | 6,910.00 | 6,910.00 |
| Telephone and Fax | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 |
| Travel | 300.00 | 400.00 | 400.00 | 500.00 | 500.00 | 500.00 |
| Lindon-Contract Labor | 0.00 | 0.00 | 1,760.00 | 3,520.00 | 3,520.00 | 3,520.00 |
| Lindon-Salary | 8,924.00 | 8,924.00 | 8,924.00 | 8,924.00 | 8,924.00 | 8,924.00 |
| Lindon-Equipment Rental | 0.00 | 0.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 |
| Lindon-Insurance | 2,886.05 | 2,886.05 | 2,886.05 | 2,886.05 | 2,886.05 | 3,891.17 |
| Lindon-Operating Expense | 4,000.00 | 4,000.00 | 6,500.00 | 6,500.00 | 6,500.00 | 6,500.00 |
| Lindon-Repairs | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 |
| Lindon-Maintenance | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 |
| Lindon-Utilities-Electric | 1,980.00 | 2,400.00 | 2,500.00 | 3,400.00 | 4,300.00 | 4,500.00 |
| Lindon-Utilities-Lindon City | 210.00 | 210.00 | 300.00 | 300.00 | 300.00 | 300.00 |
| Lindon-Utilities-Natural Gas | 1,150.00 | 1,000.00 | 800.00 | 300.00 | 180.00 | 23.00 |
| Lindon-Workers Comp Insurance | 360.28 | 360.28 | 360.28 | 360.28 | 360.28 | 360.28 |
| Lindon - Property Taxes | 1,458.00 | 1,458.00 | 1,458.00 | 1,458.00 | 1,458.00 | 1,458.00 |
| Lindon - Property Personal Tax | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Panguitch-Contract Labor | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Panguitch-Salary | 4,910.00 | 4,910.00 | 4,910.00 | 4,910.00 | 4,910.00 | 4,910.00 |
| Panguitch-Fuel | 1,200.00 | 1,200.00 | 3,500.00 | 6,200.00 | 6,200.00 | 6,200.00 |
| Panguitch-Insurance | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Panguitch-Operating Expense | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 |
| Panguitch-Repairs | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 |
| Panguitch-Maintenance | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Panguitch-Worker's Comp | 181.00 | 181.00 | 181.00 | 181.00 | 181.00 | 181.00 |
| Panguitch - Property Taxes | 189.00 | 189.00 | 189.00 | 189.00 | 189.00 | 189.00 |
| Panguitch - Property Personal | 140.00 | 140.00 | 140.00 | 140.00 | 140.00 | 140.00 |
| Trucking-Salary | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Trucking-Contact Labor | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Trucking-Operating Expense | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 |
| Trucking-PerDiem-Overnight | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 |
| Trucking-Repairs-Delivery | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 |
| Trucking-Repairs-Semis | 600.00 | 600.00 | 600.00 | 600.00 | 600.00 | 600.00 |
| Trucking-Maintenance-Semis | 800.00 | 800.00 | 800.00 | 800.00 | 800.00 | 800.00 |
| Trucking-Fuel-Semis | 4,375.00 | 5,200.00 | 9,500.00 | 10,000.00 | 11,000.00 | 12,500.00 |
| Trucking-Workers Comp | 180.13 | 180.13 | 180.13 | 180.13 | 180.13 | 180.13 |
| **Total Expenses** | 52,876.47 | 54,041.47 | 66,371.47 | 77,516.47 | 79,611.47 | 82,009.59 |
| | | | | | | |
| **Net Income** | ($ 20,591.47) | (7,950.47) | 29,500.53 | .45,683.53 | 59,012.53 | 67,770.41 |

**EXHIBIT "C"**

<u>Order Prepared and Submitted by:</u>

Anna W. Drake, No. A0909
ANNA W. DRAKE, P.C.
175 South Main Street, Suite 300
Salt Lake City, UT  84111
Telephone: (801) 328-9792
Facsimile:  (801) 413-1620
Email:  annadrake@att.net
   Attorney for Debtor

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re: | Bankruptcy No. 13-33869 |
| WOLF MOUNTAIN PRODUCTS, L.L.C., a Utah limited liability company, | (Chapter 11) |
| Debtor. | Honorable Joel T. Marker |

### FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL

On January 21, 2014, this Court entered its *Order Authorizing Preliminary Use of Cash Collateral* (**"Preliminary Order"**) following the preliminary hearing on the Debtor's *Motion for Authority to Use Cash Collateral and for Order Fixing Manner of Giving Notice of Preliminary Hearing and Final Hearing* (**"Motion"**).  Pursuant to the terms of the Preliminary Order, the Debtor was authorized to use cash collateral through January 31, 2014, with a final hearing (**"Final Hearing"**) on the Motion to be held on January 28, 2014.

Notice of the Final Hearing was duly given to all creditors and parties in interest, and no objections to the Motion were filed.

The Court finds that jurisdiction and venue are proper.  The Court considered the pleadings on file, the proffers of testimony and the arguments of counsel, and made further findings and conclusions upon the record, which are incorporated herein by this reference.

Based upon the foregoing, it is hereby

ORDERED as follows:

1.      Wolf Mountain Products, L.L.C., the above-named Debtor and Debtor-in-Possession (**"Debtor"**), is authorized to use cash collateral pursuant to the provisions of 11 U.S.C. § 363(c) for the purposes outlined in the Motion and the budget attached thereto, subject to the following provisions:

(A)     The Debtor is directed to deposit all funds that it receives from sales of the Debtor's Product into the Debtor-in-Possession bank account established at JP Morgan Chase (Account No. xxxxx8271) (**"DIP Account"**).

(B)     From the DIP Account, and for the period December 12, 2013, through June 30, 2014, the Debtor is authorized to pay all costs and expenses outlined in the budget attached hereto as **Exhibit "A".**

(C)     TKI shall be granted a first priority post-petition security interest and replacement lien in and on all of the Debtor's post-petition accounts, rents, contract rights, chattel paper, documents, cash, cash equivalents, depository accounts, general intangibles, equipment, all causes of action (excluding any claims or causes of action

2

arising under Chapter 5 of the Bankruptcy Code or against TKI), whether arising in

contract, tort, or otherwise, and all proceeds, products, rents and profits of all the

foregoing (whether cash or non-cash) (collectively **"Post-Petition Cash Collateral"**),

which security interest and lien shall be valid and superior to all other interests or liens of

creditors of the estate of the Debtor, as partial adequate protection for any loss suffered by

TKI as a result of the Cash Collateral used by the Debtor or as allowed to be used by the

Debtor.  Such lien will be automatically perfected as a first priority lien without the need

to further document or file any financing statements to establish and perfect such

replacement liens and proceeds irrespective of where such funds are deposited.  No party

in interest in this case will be granted a lien senior to the liens granted absent the express

written permission of TKI or further order of this Court.

(D)    To the extent that the Utah County Treasurer, Utah Department of

Workforce Services, Utah State Tax Commission, C.R. England, Inc., and Gurney

Trucking, Inc. (**"Judgment Creditors"**) hold valid liens against any of the Cash

Collateral, they shall be granted liens against the Post-Petition Cash Collateral in order of

filing, with all such liens to be inferior to the TKI lien against the Post-Petition Cash

Collateral.

(E)    The Debtor will provide TKI and the Judgment Creditors with such

financial reports and information as those creditors shall reasonably request, including

copies of the Monthly Operating Reports filed with the Court.

3

(F)     The Debtor will properly maintain and insure the property which

constitutes the TKI Collateral and all other assets of the estate.

(G)     No other adequate protection shall be afforded to TKI or the Judgment

Creditors based upon the value of the Raw Materials Inventory.

2.      This order shall be effective through January 31, 2014.

--------------------------------------------------ooo0ooo--------------------------------------------------

## DESIGNATION OF PARTIES TO BE SERVED

Service of the foregoing **Order** shall be served to the parties and in the manner
designated below:

**By Electronic Service:** I certify that the parties of record in this case as identified below,
are registered CM/ECF users and will be served notice of entry of the foregoing Order through
the CM/ECF system:

| | |
|---|---|
| Laurie A. Cayton tr | laurie.cayton@usdoj.gov, James.Gee@usdoj.gov; Lindsey.Huston@usdoj.gov; Rinehart.Peshell@usdoj.gov; Suzanne.Verhaal@usdoj.gov |
| Anna W. Drake | annadrake@att.net |
| United States Trustee | USTPRegion19.SK.ECF@usdoj.gov |

**By U.S. Mail** - In addition to the parties of record receiving notice through the CM/ECF
system, the following parties should be served notice pursuant to Fed. F. Civ. P. 5(b):

All parties on the Court's official case matrix.

/s/ Anna W. Drake

4

**EXHIBIT "A"**

# WOLF MOUNTAIN PRODUCTS, L.L.C.
## PROJECTIONS
### JANUARY 1, 2014 THROUGH JUNE 30, 2014

|  | Jan '14 | Feb '14 | Mar '14 | Apr '14 | May '14 | Jun '14 |
|---|---|---|---|---|---|---|
|  | Period 1 | Period 2 | Period 3 | Period 4 | Period 5 | Period 6 |
| **Revenues** | | | | | | |
| Sales-Lindon | $  59,280.00 | 84,630.00 | 145,600.00 | 200,200.00 | 237,120.00 | 245,350.00 |
| Sales-Panguitch | 12,160.00 | 17,360.00 | 22,400.00 | 30,800.00 | 36,480.00 | 37,900.00 |
| Sales-Professional grow mix | 38,912.00 | 55,552.00 | 71,680.00 | 77,000.00 | 72,960.00 | 91,200.00 |
| **Total Revenues** | **110,352.00** | **157,542.00** | **239,680.00** | **308,000.00** | **346,560.00** | **374,450.00** |
| | | | | | | |
| Cost of Sales | | | | | | |
| Cost of Goods Sold | | | | | | |
| COGS Delivery | | | | | | |
| COGS Delivery - Mancos | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| COGS TLS Whittier San Jacinto | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Inventory Adjustments | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **Total Cost of Sales** | **78,067.00** | **111,451.00** | **143,808.00** | **184,800.00** | **207,936.00** | **224,670.00** |
| | | | | | | |
| Gross Profit | 32,285.00 | 46,091.00 | 95,872.00 | 123,200.00 | 138,624.00 | 149,780.00 |
| Other Income: Rental | 4,500.00 | 4,500.00 | 4,500.00 | | | |
| Gain/Sale of Assets | | | | | | |
| **Operating income** | **36,785.00** | **50,591.00** | **100,372.00** | **123,200.00** | **138,624.00** | **149,780.00** |
| **Expenses** | | | | | | |
| accounting fees | 500 | 500 | 500 | 1000 | 1000 | 1000 |
| Auto Expense | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 |
| Auto-Fuel | 125.00 | 125.00 | 125.00 | 125.00 | 125.00 | 125.00 |
| Bad Debt Expense | 0.00 | 0.00 | | 0.00 | 0.00 | 0.00 |
| Bank & Credit Card Charges | 450.00 | 460.00 | 800.00 | 1,000.00 | 1,200.00 | 1,100.00 |
| Credit Card Processing Fees | 100.00 | 125.00 | 200.00 | 250.00 | 300.00 | 250.00 |
| Business License & Fees | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Contract Labor | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Legal fees | 0.00 | 0.00 | 0.00 | 5,000.00 | 5,000.00 | 5,000.00 |
| Meals & Entertainment | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Office Expense | 475.00 | 475.00 | 475.00 | 475.00 | 475.00 | 475.00 |
| Postage - mailings | 65.00 | 0.00 | 65.00 | 0.00 | .65.00 | 65.00 |
| Payroll Taxes-G&A | 416.00 | 416.00 | 416.00 | 416.00 | 416.00 | 416.00 |
| Property Taxes | 582.01 | 582.01 | 582.01 | 582.01 | 582.01 | 582.01 |
| Rent | 5,000.00 | 5,000.00 | 5,000.00 | 5,000.00 | 5,000.00 | 5,000.00 |
| Salaries & Wages-G&A | 6,910.00 | 6,910.00 | 6,910.00 | 6,910.00 | 6,910.00 | 6,910.00 |
| Telephone and Fax | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 |
| Travel | 300.00 | 400.00 | 400.00 | 500.00 | 500.00 | 500.00 |
| Lindon-Contract Labor | 0.00 | 0.00 | 1,760.00 | 3,520.00 | 3,520.00 | 3,520.00 |
| Lindon-Salary | 8,924.00 | 8,924.00 | 8,924.00 | 8,924.00 | 8,924.00 | 8,924.00 |
| Lindon-Equipment Rental | 0.00 | 0.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 |
| Lindon-Insurance | 2,886.05 | 2,886.05 | 2,886.05 | 2,886.05 | 2,886.05 | 3,891.17 |
| Lindon-Operating Expense | 4,000.00 | 4,000.00 | 6,500.00 | 6,500.00 | 6,500.00 | 6,500.00 |
| Lindon-Repairs | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 |
| Lindon-Maintenance | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 |
| Lindon-Utilities-Electric | 1,980.00 | 2,400.00 | 2,500.00 | 3,400.00 | 4,300.00 | 4,500.00 |
| Lindon-Utilities-Lindon City | 210.00 | 210.00 | 300.00 | 300.00 | 300.00 | 300.00 |
| Lindon-Utilities-Natural Gas | 1,150.00 | 1,000.00 | 800.00 | 300.00 | 180.00 | 23.00 |
| Lindon-Workers Comp Insurance | 360.28 | 360.28 | 360.28 | 360.28 | 360.28 | 360.28 |
| Lindon - Property Taxes | 1,458.00 | 1,458.00 | 1,458.00 | 1,458.00 | 1,458.00 | 1,458.00 |
| Lindon - Property Personal Tax | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Panguitch-Contract Labor | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Panguitch-Salary | 4,910.00 | 4,910.00 | 4,910.00 | 4,910.00 | 4,910.00 | 4,910.00 |
| Panguitch-Fuel | 1,200.00 | 1,200.00 | 3,500.00 | 6,200.00 | 6,200.00 | 6,200.00 |
| Panguitch-Insurance | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Panguitch-Operating Expense | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 |
| Panguitch-Repairs | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 |
| Panguitch-Maintenance | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Panguitch-Worker's Comp | 181.00 | 181.00 | 181.00 | 181.00 | 181.00 | 181.00 |
| Panguitch - Property Taxes | 189.00 | 189.00 | 189.00 | 189.00 | 189.00 | 189.00 |
| Panguitch - Property Personal | 140.00 | 140.00 | 140.00 | 140.00 | 140.00 | 140.00 |
| Trucking-Salary | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Trucking-Contact Labor | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Trucking-Operating Expense | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 |
| Trucking-PerDiem-Overnight | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 |
| Trucking-Repairs-Delivery | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 |
| Trucking-Repairs-Semis | 600.00 | 600.00 | 600.00 | 600.00 | 600.00 | 600.00 |
| Trucking-Maintenance-Semis | 800.00 | 800.00 | 800.00 | 800.00 | 800.00 | 800.00 |
| Trucking-Fuel-Semis | 4,375.00 | 5,200.00 | 9,500.00 | 10,000.00 | 11,000.00 | 12,500.00 |
| Trucking-Workers Comp | 180.13 | 180.13 | 180.13 | 180.13 | 180.13 | 180.13 |
| **Total Expenses** | **52,876.47** | **54,041.47** | **66,371.47** | **77,516.47** | **79,611.47** | **82,009.59** |
| | | | | | | |
| **Net Income** | **($  20,591.47)** | **(7,950.47)** | **29,500.53** | **45,683.53** | **59,012.53** | **67,770.41** |